**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EPSILON PLASTICS, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 05-4935 (JAG) |
| v. | : | |
| | : | **OPINION** |
| DAVID K. GOSCIN, et al., | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendants' David K. Goscin ("Goscin"), Bruce W. Moore ("Moore"), Joseph J. Zanti ("Zanti"), and Jaguar Plastics, LLC ("Jaguar") (collectively, "Defendants") motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(2), for lack of personal jurisdiction, and Plaintiff's Epsilon Plastics, Inc. ("Epsilon" or "Plaintiff") motion for a preliminary injunction. For the reasons set forth below, Defendants' motion to dismiss is granted, and Plaintiff's motion for a preliminary injunction is denied as moot.

## BACKGROUND

Epsilon, a New Jersey corporation, is Goscin's former employer. (Verified Complaint dated September 13, 2005 ("Compl.") at ¶¶ 1-2.) Goscin, Moore, and Zanti are citizens of the State of Texas and members of Jaguar. (Compl. ¶¶ 2, 5-6.) Defendant Erick Lopez Araiza

("Araiza") is also a citizen of the State of Texas and a member of Jaguar.[1]  (Compl. ¶ 4.)  Jaguar is a limited liability company organized under the laws of the State of Texas, with its place of business in Texas.  (Compl. ¶ 3.)

The following facts are undisputed.  Sometime in early 2003, Goscin flew to New Jersey to interview with Alfred Teo, the President and Chief Executive Officer of Alpha Industries, Inc., the parent company of Epsilon.  (Declaration of Alfred Teo ("Teo Decl.") at ¶¶ 1, 3; Certification of David K. Goscin ("Goscin Cert.") at ¶ 5.)  After his interview, Goscin was hired by Epsilon as a sales representative for the southwest United States market.  (Goscin Cert. ¶ 5.)  At all times during his employment with Epsilon, Goscin worked out of a home office in Plano, Collin County, Texas.  (Id. ¶ 6.)  His main business contact at Epsilon was Tracy Castillo, a branch manager in Epsilon's California offices.  (Id. ¶ 10.)  Goscin's customers were located in various states, but none were located in New Jersey.  (Id. ¶ 6.)  All of the dry cleaning products he sold for Epsilon were produced in California or South Carolina.  (Id. ¶ 16.)  Epsilon has no production facility in New Jersey.  (Id.)  During the course of his employment with Epsilon, Goscin made or received no less than 12 phone calls to/from New Jersey.  (Id. ¶ 11.)  Goscin's payroll checks were set up for automatic deposit, and his earnings statements were mailed to him at his Texas address from California.  (Id. ¶ 7, Ex. B)  His health insurance policy and benefits were through Blue Shield of California.  (Id. ¶ 8, Exs. C-E.)  His expense reports were submitted for reimbursement to the Epsilon office in New Jersey.  (Id. ¶ 9.)  When Goscin resigned from Epsilon in March 2005 (Compl. ¶ 18), he sent his resignation letter to both the New Jersey and

---

[1] Although Defendants' motion was not brought on behalf of Araiza, this Court will nonetheless address the question of personal jurisdiction over Araiza in this Opinion.

California offices. (Id. ¶ 14.)

Plaintiff alleges that on or about April 27, 2004, while Goscin was still employed by Epsilon, Defendants formed Jaguar, a direct competitor. (Compl. ¶¶ 19-20.) Plaintiff further alleges that Goscin, on behalf of Jaguar, has attempted to solicit the Epsilon customers he serviced while employed by Epsilon, and has utilized confidential and proprietary information acquired at Epsilon.[2] (Compl. ¶ 22.) Epsilon has brought the following claims against Defendants: (1) breach of contract; (2) breach of the duty of loyalty; (3) breach of the fiduciary duty; (4) tortious interference with contractual and common law obligations; and (5) unjust enrichment. (Compl.) The parties appeared before this Court on February 7, 2006, for oral argument on the issue of personal jurisdiction.

## STANDARD OF REVIEW

A federal court sitting in diversity must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of jurisdiction violates Due Process of the Fourteenth Amendment. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996). In this forum, the inquiry is collapsed into a single step, because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under

---

[2]Plaintiff alleges that Goscin's confidentiality agreement with his former employer, Apple Plastics, Inc. ("Apple"), prohibits him from disclosing Epsilon's confidential and proprietary information because Epsilon acquired Apple's assets after the company declared bankruptcy. (Compl. ¶¶ 7, 13-14.)

the Constitution of the United States. As such, federal law defines the parameters of this Court's in personam jurisdiction. See IMO Indus., Inc., 155 F.3d at 259. The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed himself of the forum state. See Burke v. Ouartev, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that the defendant has purposefully availed itself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiffs. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66, 66 n.9 (3d Cir. 1984). Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises out of the defendant's contacts with the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984). A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). What constitutes minimum contacts varies "with the quality and nature of the defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus "on the relations among the defendant, the forum, and the litigation." Keeton v. Hustler, 465 U.S.

770, 780 (1984).  Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action.  United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988).  The unilateral acts of the plaintiff, however, will not amount to minimum contacts.  Helicopteros Nacionales de Colombia, 466 U.S. at 417; Hansen, 257 U.S. at 253.

Assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).  See also Pennzoil Prod. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998).  For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).  To determine reasonableness, a court considers the following factors: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiffs interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering substantive social policies.  Id.  Only in "rare cases [do the] 'minimum requirements inherent in the concept of "fair play and substantial justice" . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities.'"  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987).

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic"

contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To establish general jurisdiction the plaintiff "must show significantly more than mere minimum contacts" with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to this standard.  See FED. R. CIV. P. 12(b)(2).

## DISCUSSION

Defendants argue that this Court cannot exercise personal jurisdiction over any of the non-resident Defendants because none of them have had the minimum contacts with the State of New Jersey that are a prerequisite to the exercise of specific jurisdiction over them.  Upon review of the parties' submissions, and having heard oral argument, this Court finds that it lacks personal jurisdiction over Defendants.  Defendants' motion to dismiss is granted.

**A.     Defendant Goscin**

Defendants argue that the minimum contacts requirement for specific personal jurisdiction has not been met as to Goscin.  Defendants contend that other than Goscin's initial interview with Epsilon, a few phone calls, and the submission of his expense reports, all of his business-related matters and contacts with Epsilon were handled out of and from, Epsilon's plant and offices located in Rancho Dominguez, California.  Specifically, Defendants argue that throughout Goscin's two year employment with Epsilon, his contacts with Epsilon were directed at his customers in the southwest market and Epsilon's California office, not at New Jersey, as

evidenced by: (1) Goscin performed his job duties for Epsilon and conducted his sales operation from his office in Plano, Texas; (2) his primary contact person at Epsilon was Tracy Castillo, a branch manger for Epsilon based in California, with whom he spoke almost daily; (3) he made or received no more than 12 calls to/from New Jersey; (4) his sales reports were generated in California; (5) his payroll statements were mailed to him from the California office; (6) his health insurance was through a California insurance company; and (7) no production of any product sold by Goscin occurred in New Jersey.  Defendants contend that Goscin's limited contacts with New Jersey do not demonstrate that he availed himself of any benefit in New Jersey, nor do they amount to the minimum contacts necessary for Goscin to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).

Plaintiff argues that Goscin's purposeful contacts with Epsilon in New Jersey satisfy the requirements of specific jurisdiction, and are evidenced by the following: (1) he visited New Jersey to interview with Epsilon, a New Jersey corporation; (2) he made no less than twelve telephone calls to New Jersey during the course of his two year employment; (3) his salary was paid from New Jersey through Epsilon's payroll services provider; (4) his health benefits were paid by Epsilon from its New Jersey office, regardless of the location of the insurer; (5) he sent his resignation letter to New Jersey; (6) he submitted expense reports to Epsilon in New Jersey; (7) Epsilon reviewed and approved his requests for reimbursement in New Jersey; and (8) his expense reimbursement checks were issued from New Jersey.

Defendants argue that these facts do not show that Goscin purposefully directed his activities at New Jersey.  Defendants assert that at most, Goscin's contact with New Jersey is analogous to a contract for employment, but even assuming that such a contract existed, it would

7

not suffice to establish the minimum contacts necessary for the exercise of personal jurisdiction over Goscin. Defendants contend that entry by a non-resident into a contract with a party in the forum state does not automatically establish sufficient minimum contacts with the forum state, but instead will be examined in the context of the overall business transactions related to, and surrounding, the contract, and the parties' relationship. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-80 (1985) (stating that a contract with an out-of-state party cannot alone automatically establish sufficient minimum contacts in the other party's forum). Defendants assert that Goscin's business relationship with Epsilon, when examined in the context of his overall business transactions related to, and surrounding, his employment with Epsilon, clearly shows that his only contact with New Jersey was to discuss employment, and no other substantive involvement or activity occurred in New Jersey.

Defendants further assert that Goscin did not initiate or solicit contact with Plaintiff in New Jersey. Defendants argue that the facts Plaintiff relies on to establish Goscin's contacts with New Jersey, occurred due to unilateral acts by Plaintiff, not purposeful conduct by Goscin. Specifically, Defendants argue that Plaintiff's administrative decisions regarding when, and from where, to pay employee salary, expenses, and benefits, are unilateral actions taken by Plaintiff, and cannot satisfy the minimum contacts requirement with New Jersey. See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Here, Goscin accepted employment with a New Jersey corporation, and engaged in limited contact with New Jersey to maintain that employment. Goscin's limited contact with New Jersey is simply insufficient for this Court to find that he purposefully availed himself of New Jersey, and as such should have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). In

the context of the relationship between Goscin, the forum, and the litigation, Goscin's limited contacts with New Jersey cannot constitute the minimum contacts necessary for this Court to assert personal jurisdiction over him. See Keeton, 465 U.S. at 780. Therefore, this Court finds that it lacks personal jurisdiction over Goscin.

### B.     Defendants Araiza, Moore, Zanti, and Jaguar

It is undisputed that Araiza, Moore, Zanti, and Jaguar have had no contacts with the State of New Jersey. Defendants argue that jurisdiction over one defendant may not be based on the activities of another defendant, nor on the plaintiff's connection to the forum state. Defendants further assert that the requirements of the minimum contacts analysis "must be met as to each defendant over whom a state court exercises jurisdiction." Rush v. Savchuk, 444 U.S. 320, 332 (1980).

Plaintiff argues that this Court has jurisdiction over Defendants Araiza, Moore, Zanti, and Jaguar, based upon their knowing and intentional disregard of Epsilon's contractual and common law rights, which they either knew or should have known would cause Epsilon harm in New Jersey, where it is headquartered. Plaintiff asserts that personal jurisdiction exists in circumstances where, as here, a non-resident defendant acted with the intention of causing particular effects in the forum state, even if the non-resident defendant had no other contact with the forum state.

Here, it is clear that Plaintiff has not met the minimum contacts requirement for these Defendants, as none of them had any contacts with the State of New Jersey. Furthermore, the cases Plaintiff cites in support of its argument that personal jurisdiction exists because these Defendants acted with the intention of causing harm in New Jersey, either involve intentional

9

tortious activity where "the defendant expressly aimed its tortious conduct at the forum," see IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998) (discussing Calder v. Jones, 465 U.S. 783 (1984), and stating that a "defendant must 'manifest behavior intentionally targeted at and focused on' the forum for Calder to be satisfied" (citation omitted)) or the defendant had some contacts with the injured forum, see Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004). Such cases are inapplicable to the instant matter. Moreover, at oral argument, Plaintiff conceded that without personal jurisdiction over Goscin, this Court cannot exert personal jurisdiction over Araiza, Moore, Zanti, or Jaguar. Therefore, this Court finds that it lacks personal jurisdiction over Araiza, Moore, Zanti, and Jaguar.

C.        **Plaintiff's Motion for a Preliminary Injunction**

This Court has determined that it lacks personal jurisdiction over Defendants. Therefore, Plaintiff's motion for a preliminary injunction has been rendered moot.

## **CONCLUSION**

For the reasons set forth above, this Court finds that it lacks personal jurisdiction over Defendants.[3] Defendants' motion to dismiss is granted, and Plaintiff's motion for a preliminary injunction is denied as moot.

Dated: March 24, 2006

                                                      S/Joseph A. Greenaway, Jr.
                                                      JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[3] This Court has determined that it lacks personal jurisdiction over all of the defendants. However, as the instant motion to dismiss was not brought on behalf of, nor joined by Defendant Araiza, he cannot be dismissed from this action at this time. Plaintiff shall have seven (7) days from the date of entry of this Opinion to inform this Court whether it intends to pursue this action solely against Defendant Araiza in this Court, or whether it wishes to file a FED. R. CIV. P. 41(a) order.